IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| OSCAR CARDIEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-11-CV-256-KC |
| | § | |
| WORLD WIDE TECHNOLOGY | § | |
| HOLDING CO., INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day, the Court considered Defendant's "Motion to Dismiss Count II of Plaintiff's Petition and Memorandum in Support," ECF No. 10 ("Motion"). For the reasons set forth herein, Defendant's Motion is **GRANTED**.

## I. BACKGROUND

The following facts are taken from "Plaintiff's Original Petition and Request for Disclosure," as is appropriate at this stage of the proceedings. *See* Notice of Removal Ex. A, at 31-35 ("Complaint"), ECF No. 1. Plaintiff was employed by Defendant as a warehouse shipping and receiving employee from March 3, 2010, to approximately December 14, 2010. *Id.* ¶ 8. Plaintiff became seriously ill around September 2010 and asked his supervisor Jack Mesky ("Mesky") for an accommodation of "light duty" so "he could continue to perform the essential functions of his job." *Id.* Plaintiff asserts that he provided Mesky with a doctor's note but Mesky did not accommodate him. *Id.* Then, Plaintiff complained to Mesky about Mesky's failure to accommodate him with "light duty," and Mesky subsequently terminated Plaintiff. *Id.* Plaintiff alleges he was discriminated against because of his disability in violation of Texas

1

Labor Code Sections 21.001(1)-(8). *Id.* ¶ 17. Additionally, Plaintiff claims that Defendant recklessly or intentionally inflicted emotional distress on Plaintiff because of Defendant's failure to accommodate and wrongful termination of Plaintiff. *Id.* ¶ 18. Defendant then filed the instant Motion on June 27, 2010, seeking to dismiss Plaintiff's claim for Intentional Infliction of Emotional Distress ("IIED"). Mot. 2. Plaintiff has not responded.

## II. DISCUSSION

### A. Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a pleading on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Still, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (stating that a court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions").

Though a complaint need not contain "detailed" factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation omitted). Thus, to survive a motion to dismiss, a plaintiff's complaint must allege

sufficient facts "to state a claim to relief that is plausible on its face." *Id.* at 570. Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

B. **Intentional Infliction of Emotional Distress**

Defendant argues that Plaintiff's claim for intentional infliction of emotional distress should be dismissed because Plaintiff failed to identify conduct that is extreme and outrageous.[1] Mot. 2. The Court agrees.

In Texas, the elements of a claim for intentional infliction of emotional distress are: "(1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress that the plaintiff suffered was severe." *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 383 (Tex. App. 2007) (quoting *City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex. 2000)). The Court addresses whether Defendant's conduct is extreme and outrageous because it is dispositive. To be extreme and outrageous, the conduct must be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Midland,* 18 S.W.3d at 217 (quoting *Matix-Hill v. Reck*, 923 S.W.2d 596, 597 (Tex. 1996)). Generally, liability for intentional infliction of emotional distress has only been found in those cases in which a recitation of the facts to an

---

[1] The Court draws no distinction between IIED and reckless infliction of emotional distress because the Texas Supreme Court has treated both as one tort. *See Twyman v. Twyman*, 855 S.W.2d 619, 634 (Tex. 1993) (treating IIED and reckless infliction of emotional distress as one in the same); *Boyles v. Kerr*, 855 S.W.2d 593, 601 n.6 (Tex. 1993) (same).

3

average member of the community would lead him to exclaim, "Outrageous." *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 306 (5th Cir. 1989).

In the employment context, "a claim for intentional infliction of emotional distress does not lie for ordinary employment disputes." *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 612 (Tex. 1999). Most conduct in the workplace, including "demeaning comments, unfair criticism, demotion, termination or other harassment, is not sufficiently 'extreme and outrageous,' however deplorable it may be . . . even where the evidence suggests that those acts are based upon an illegitimate factor such as race, age or disability and are therefore *illegal*." *Bird v. Simpson Inv.*, 121 F.3d 705, at *7 (5th Cir. July 15, 1997) (unpublished) (citing *Wilson v. Monarch Paper Co.*, 939 F.2d 1138, 1143 (5th Cir. 1991)). "[T]o properly manage its business, an employer must be able to supervise, review, criticize, demote, transfer, and discipline employees." *Bruce*, 998 S.W.2d at 612 (citing *Johnson v. Merrel Dow Pharms., Inc.*, 965 F.2d 31, 34 (5th Cir. 1992)). Even though "these acts are necessarily unpleasant for the employee, an employer must have latitude to exercise these rights in a permissible way, even though emotional distress results." *Id.* (citation omitted).

It is only in the most unusual of employment cases that an employer's conduct rises to the level of "extreme and outrageous conduct." *Id.* at 613 (citation omitted). For example, in *Dean* the Fifth Circuit Court held that a supervisor placing checks in the plaintiff's purse to make it appear that she was a thief, or to put her in fear of such an accusation, was sufficient evidence to support a claim of IIED. 855 F.2d at 307. Similarly, in *Wilson*, the Fifth Circuit found that the plaintiff's being "stripped of his duties and demoted from an executive manager to an entry level warehouse supervisor with menial and demeaning duties" and being subjected to "harassment

and verbal abuse by his supervisor" was sufficiently to outrageous sustain an IIED claim. 939 F.2d at 1140, 1145. Thus, to establish a cause of action for intentional infliction of emotional distress in the workplace, "an employee must prove the existence of some conduct that brings the dispute outside the scope of an ordinary employment dispute and into the realm of extreme and outrageous conduct." *Bruce*, 998 S.W.2d at 613.

Here, Plaintiff claims he has suffered IIED due to a denial of "light duty" accommodation following a serious illness and termination after complaining about Defendant's failure to accommodate him. Compl. ¶ 8. Such failure to accommodate and termination from employment are not so extreme and outrageous as to permit recovery for IIED. *See Hernandez v. Office Depot, Inc.*, No. Civ.A. H-04-2630, 2005 WL 2095102, at *8-9 (S.D. Tex. Aug. 30, 2005) (finding that an employer's conduct which included failure to change the plaintiff's schedule to accommodate her diabetes and termination of the plaintiff could not be "reasonably found to be so extreme and outrageous as to permit plaintiff's recovery"); *Johnson v. Hines Nurseries, Inc.*, 950 F.Supp. 175, 178 (N.D. Tex. 1996) (holding that the defendants' failure to accommodate the plaintiff's disability was not "extreme and outrageous" conduct); *Farrington v. Sysco Food Servs., Inc.*, 865 S.W.2d 247, 254 (Tex. App. 1993) (finding that it is the manner in which an employee is terminated, not the fact of termination itself, that may constitute extreme and outrageous conduct) (citing *Taylor v. Houston Lighting & Power*, 756 F. Supp 297, 298 (S.D. Tex. 1991)).

Therefore, Defendant's purported failure to accommodate Plaintiff's disability and wrongful termination of Plaintiff without more are in the realm of an ordinary employment dispute and do not rise to the level of extreme and outrageous conduct. Accordingly, the Court

dismisses Plaintiff's claim for IIED.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion, ECF No. 10, is **GRANTED**.

**SO ORDERED.**

**SIGNED** on this 22nd day of July, 2011.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE